C.J. Johnson
Christine M. Cole
JOHNSON & JOHNSON LAW, PLLC
323 W. Pine St.
Missoula, MT  59802
(406)541-7078
cj@johnsonmtlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DENNIS CREGAN,<br><br>Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR ATTORNEY FEES & COSTS (M.C.A. § 49-2-505(8))** |

Plaintiff respectfully states his case:

1. Plaintiff is a citizen of the State of Montana and a Missoula County Resident.

2. Defendant DirecTV, LLC, is incorporated in, and a citizen of, the State of California.

3. Complete diversity exists between the parties, and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.

**COMPLAINT FOR ATTORNEY FEES & COSTS**                                           Page 1

4. Venue is appropriate in the Missoula Division because Mr. Cregan's underlying employment was located in Missoula County, and the contested case hearing associated with Mr. Cregan's action against DirecTV, LLC occurred in Missoula County. L.R. 1.2(c)(5), 3.2(b).

5. The law firm of Johnson & Johnson Law, PLLC, represented Mr. Cregan against DirecTV, LLC in a matter filed before the Montana Human Rights Bureau ("HRB").

6. The HRB investigation found reasonable cause to believe that DirecTV, LLC discriminated against Mr. Cregan in his employment based on his disability.

7. Mr. Cregan and DirecTV, LLC thereafter litigated his case before the Office of Administrative Hearings ("OAH"), Case No. 624-2021.

8. Attorneys C.J. Johnson and Christine Cole, and paralegal Ann Cote, all performed substantive legal work on Mr. Cregan's case.

9. The case was extensively litigated.

10. At every stage of the underlying proceedings before the HRB, DirecTV, LLC denied all liability.

11. At every stage of the underlying proceedings before the OAH, DirecTV, LLC denied all liability.

12. At every stage of the underlying proceedings before the Human Rights Commission, DirecTV, LLC denied all liability.

13. The parties took nineteen depositions.

14. The parties exchanged more than two thousand pages of discovery materials.

15. Mr. Cregan's last set of discovery responses – *Charging Party's Fourth Supplemental Responses to Respondent's First Discovery Requests* – were seventy-two pages long.

16. Mr. Cregan filed motions in limine. His supporting brief was twenty-four pages long and contained 100 pages of exhibits.

17. Mr. Cregan filed motions for summary judgment. His supporting brief was 25 pages long and contained 177 pages of exhibits.

18. The parties proceeded to a three-day contested case hearing in August 2021.

19. The hearing involved sixteen separate witnesses – fourteen who testified in real time, and two by designation.

20. The hearing resulted in a 796-page hearing transcript.

21. The parties exchanged extensive post-hearing briefing.

22. Among other things, Mr. Cregan filed a sixty-two page *Charging Party's Post-Hearing Findings of Fact and Conclusions of Law*,

containing 133 paragraphs of proposed factual findings and 64 paragraphs of proposed legal conclusions.

23. DirecTV, LLC filed multiple post-trial briefs, to which Mr. Cregan filed responses.

24. The Hearing Officer issued his *Hearing Officer Decision and Notice of Issuance of Administrative Decision* on November 3, 2022.

25. The Hearing Officer found that DirecTV, LLC had discriminated against Mr. Cregan based on his disability when it conducted its investigation and terminated his employment. A true and accurate copy of the *Hearing Officer Decision* is attached as **Exhibit A** and is incorporated herein by reference.

26. The Hearing Officer found that "[f]or purposes of Mont. Code Ann. § 49-2-505(8) and recovery of attorneys' fees and costs, Cregan is the prevailing party." (Ex. A, Page 28).

27. DirecTV, LLC appealed the *Hearing Officer Decision* to the Montana Human Rights Commission ("HRC"). The HRC held its hearing on May 18, 2023.

28. The HRC's *Final Agency Decision*, issued on June 28, 2023, affirmed all factual and legal findings against DirecTV, LLC. A true and

accurate copy of the *Final Agency Decision* is attached as **Exhibit B** and is incorporated herein by reference.

29. DirecTV, LLC did not appeal the HRC's *Final Agency Decision*. It paid Mr. Cregan's judgment at the end of August, 2023.

30. This petition seeks reasonable attorney fees under M.C.A. § 49-2-505(8) for the following work: (1) C.J. Johnson, $400/hour at 635.2 hours; (2) Christine Cole, $300/hour at 178.4 hours; and (3) Ann Cote, $125/hour at 68.9 hours. It additionally seeks costs in the amount of $14,404.54. The legal work performed, and costs incurred, were reasonable, necessary, and directly related to the prosecution of Mr. Cregan's case.

31. The fees sought here are in line with recent decisions from the Montana Supreme Court regarding reasonable fee awards in cases brought under the Montana Human Rights Act. *See Montana State University -Northern v. Bachmeier*, 2021 MT 26, 403 Mont. 136, 480 P.3d 233 (affirming a $360,000 Human Rights Act fee award (that the district court awarded at $400/hour)); *NorVal Electric Cooperative Inc. v. Lawson*, 2022 MT 245, ¶¶ 50-53, 411 Mont. 77, 523 P.3d 5 (affirming a $519,837 fee award at $325/hour, together with $48,258.44 in costs).

32. A lodestar multiplier is reasonable and appropriate.

33. Efforts to informally resolve fees and costs have been undertaken and have been unsuccessful, necessitating the filing of this Complaint.

34. Mr. Cregan is entitled to reasonable fees associated with the filing and litigation of this Complaint.

**WHEREFORE**, Plaintiff requests reasonable attorney fees as outlined herein, reasonable interest, his costs of suit, and such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED this 12th day of September, 2023.

JOHNSON & JOHNSON LAW, PLLC


/s/ C.J. Johnson
C.J. Johnson, Esq.
Attorneys for Plaintiff